UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD LEE BROWN,

    Plaintiff,

v.                                                                  Case No. 1:23-cv-19-AW-MJF

MICHAEL NIGH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward Lee Brown, proceeding *pro se* and *in forma pauperis*, has filed a civil action under 42 U.S.C. § 1983. Doc. 1. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background and Procedural History

Brown is a Florida prisoner currently confined at the Alachua County Jail pending trial on additional charges in Alachua County Circuit Court Case No. 01-2020-CF-003859-A. Doc. 1 at 2, 4.[2] Brown's Alachua County Jail Inmate Number is DOJ02MNI091904, and his Florida Department of Corrections DC Number is 104582.[3]

Brown initiated this lawsuit on January 23, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Brown's complaint names two Defendants: Michael Nigh, a detention officer at the Jail, and Ms. Weir, a charge nurse at the Jail. *Id*. at 1-3. Brown claims that on September 22, 2022, Officer Nigh used excessive force on him, and Nurse Weir failed to provide Brown medical care for his injuries. *Id*. at 5-8. As relief for these alleged constitutional violations, Brown seeks $1,000,000.00 in damages against each Defendant. *Id*. at 8.

## II. Discussion

---

[2] Citations to page number of Brown's complaint are to the numbers assigned by the court's Electronic Case Filing system ("ECF").

[3] Brown's complaint discloses his Alachua County Jail Inmate Number: DOJ02MNI091904. Doc. 1 at 1. Brown's complaint also discloses two prior civil rights actions Brown filed in the United States District Court for the Middle District of Florida under Florida Department of Corrections DC Number 104582. *See* Doc. 1 at 10, 13 (disclosing 3:13-cv-1538-BJD-JBT and 3:14-cv-404-MMH-PDB).

A.   **Screening of Brown's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of the *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*,

*Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012).

B.      **Brown's Reponses to Questions on the Complaint Form**

In his complaint, Brown provided answers to Section VIII of the civil rights complaint form, which requires him to disclose his litigation history. Doc. 1 at 9-14. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Doc. 1 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Brown marked "Yes" and disclosed the following three cases: (1) Northern District of Florida Case No. 1:22cv279-AW-MAF; (2) Northern District of Florida Case No. 1:21-cv-75-AW-GRJ; and (3) Middle District of Florida Case No. 3:13-cv-1538-BJD-JBT. *See* Doc. 1 at 10.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?" Doc. 1 at 12. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Brown marked "Yes" and again disclosed Northern District of Florida Case No. 1:22-cv-279-AW-MAF. *See* Doc. 1 at 12.

Page 4 of 12

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" Doc. 1 at 12. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Brown marked "Yes" and disclosed three state-court actions as well as the following three federal cases: (1) Northern District of Florida Case No. 1:21-cv-75-AW-GRJ; (2) Northern District of Florida Case No. 1:21-cv-23-AW-GRJ; and (3) Middle District of Florida Case No. 3:14-cv-404-MMH-PDB. *See* Doc. 1 at 13-14. At the end of that section, Brown stated: "All other cases in the pas[t] if I rem[em]ber correctly dealt with criminal postconviction appeal matters in which I did not prevail." *Id*. at 14.

At the end of the civil rights complaint form, Brown signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 14-15. Thus, Brown has in effect stated that at the time he filed his complaint, he had not filed any other lawsuit, habeas corpus petition, or appeal in federal court challenging his conviction.

**C.**     **Brown's Omission**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that, at the time Brown filed his complaint in this case, he had filed *at least* one additional case that required disclosure.[4] Specifically, on October 28, 1998, Brown filed a habeas corpus petition under 28 U.S.C. § 2254, in this District Court challenging his conviction for burglary and attempted sexual battery. *See Brown v. Singletary*, No. 4:98-cv-00364-WS (N.D. Fla. Oct. 28, 1998), Doc. 1. The District Court denied the petition on August 9, 1999. *Id.*, Docs. 9, 11-12.

The federal habeas petition is attributable to Brown because it bears his DC Number 104582. Brown knew of this prior habeas petition—and his obligation to disclose it—because it formed the basis for this court's dismissal of Case No. 1:22-cv-279-AW-MAF, as malicious. *See* Case No. 1:22-cv-279-AW-MAF, Docs. 5, 6. Brown filed his complaint in the present case *a mere three days* after that dismissal, and again failed to disclose the prior habeas petition.

The federal habeas petition falls squarely within the complaint form's disclosure requirements. The complaint form required Brown to list all habeas corpus petitions challenging his conviction. The dismissal of Case No. 1:22-cv-279-

---

[4] By confining this discussion to one case, the undersigned does not imply that this one case is the *only* case that Brown was required, but failed, to disclose. The undersigned has elected not to shoulder Brown's obligation to determine and fully disclose his complete litigation history.

AW-MAF confirmed to Brown that he was required to disclose that habeas case. Brown's failure to disclose the prior habeas petition violates his duty of candor to this court.

### D.  The Materiality of Brown's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d

Page 7 of 12

1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Brown falsely responded to a question on the complaint form as detailed above. Brown knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases— including, but not limited to civil cases, habeas cases, and appeals—***

> *may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.*

Doc. 1 at 9. A penalty is warranted both to deter Brown from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.      **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Brown's false response to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a § 2254 action; noting that the habeas action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same in case where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition); *see also, e.g., Washington v. Dyas*, 2023 WL 359508 (N.D. Fla. Jan. 23, 2023) (same); *Velazquez v. Lowery*, 2021 WL 2666872 (N.D. Fla.), *report and recommendation adopted*, 2021 WL

2665721 (N.D. Fla. June 29, 2021) (same); *Johnson v. Burch*, 2019 WL 4926617 (N.D. Fla.), *report and recommendation adopted*, 2019 WL 4596569 (N.D. Fla. Sept. 23, 2019) (same where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition and subsequent application for leave to file successive § 2254 petition).

If Brown suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Brown's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *LeBarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Brown an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Strickland*, 739 F. App'x

at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). There can be no plausible excuse for Brown's failure to disclose his prior habeas case.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>2nd</u> day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the</u>**

**electronic docket is for the court's internal use only and does not control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**